UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)            MDL NO 2924
PRODUCTS LIABILITY                 20-MD-2924
LITIGATION

JUDGE ROBIN L ROSENBERG
MAGISTRATE JUDGE BRUCE REINHART

_____/

THIS DOCUMENT RELATES TO:         JURY TRIAL DEMANDED
_____
David Whisnant and Deborah Whisnant

### SHORT-FORM COMPLAINT – VERSION 2

The Plaintiff(s) named below, by counsel, file(s) this Short Form Complaint against Defendants named below. Plaintiff(s) incorporate(s) by reference the allegations contained in the Amended Master Personal Injury Complaint ("AMPIC") in *In re: Zantac (Ranitidine) Products Liability Litigation,* MDL No. 2924 (S.D. Fla). Plaintiff(s) file(s) this Short-Form Complaint – Version 2 as permitted by Pretrial Order Nos. 31 and 80, and as modified by the Court's Orders regarding motions to dismiss [DE 2532, 2512, 2513, 2515, and 2016].

Plaintiff(s) select(s) and indicate(s) by completing where requested, the Parties and Causes of Actions specific to this case. Where certain claims require additional pleading or case specific facts and individual information, Plaintiff(s) shall add and include them herein.

Plaintiff(s), by counsel, allege as follows:

        I.       PARTIES, JURISDICTION, AND VENUE

**A. PLAINTIFF(S)**

1. Plaintiff(s) Deborah Whisnant ("Plaintiff(s)") brings this action (check the applicable designation):

      []      On behalf of [*himself/herself*];

[X]   In representative capacity as the <u>Wife</u>, on behalf of the injured party, (Injured Party's Name) <u>David Whisnant</u>.

2. Injured Party is currently a resident and citizen of (City, State) _____ and claims damages as set forth below.

—OR—

Decedent died on (Month, Day, Year) <u>Exact Date Unknown</u>.  At the time of Decedent's death, Decedent was a resident and citizen of (City, State) <u>Lakeland, Florida</u>.

If any party claims loss of consortium,

3. <u>Deborah Whisnant</u> ("Consortium Plaintiff") alleges damages for loss of consortium.

4. At the time of the filing of this Short Form Complaint, Consortium Plaintiff is a citizen and resident of (City, State) <u>Lakeland, Florida</u>.

5. At the time the alleged injury occurred, Consortium Plaintiff resided in (City, State) _____.

**B. DEFENDANT(S)**

6. Plaintiff(s) name(s) the following Defendants from the Amended Master Personal Injury Complaint in this action:

   a. **Brand-Name Manufacturers:**
   Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation; Boehringer Ingelheim International GmbH; Boehringer Ingelheim Promeco, S.A. de C.V.; GLAXOSMITHKLINE LLC; GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC.; GlaxoSmithKline PLC; Sanofi SA; SANOFI-AVENTIS U.S. LLC; SANOFI US SERVICES, INC; Chattem, Inc.; Patheon Manufacturing Services LLC; PFIZER INC.

   b. **Generic Manufacturers:**
   Apotex Corp.; Apotex Inc.; Dr. Reddy's Laboratories, Inc.; Dr. Reddy's Laboratories, Ltd.; Dr. Reddy's Laboratories LOUISIANA LLC; Dr. Reddy's Laboratories SA; L. Perrigo Co; Perrigo Company; Perrigo Research & Development Company; Strides Pharma, Inc.; Wockhardt Ltd.; Wockhardt USA LLC; Wockhardt USA, Inc

   c. **Distributors and Repackager:**

  d. **Retailers:**
   Walgreen Co; Duane Reade, Inc

  e. **Others Not Named in the AMPIC:**

## C. JURISDICTION AND VENUE

7. Identify the Federal District Court in which Plaintiff(s) would have filed this action in the absence of Pretrial Order No. 11 (direct filing) [or, if applicable, the District Court to which their original action was removed]:

**M.D. FLA.**

8. Jurisdiction is proper upon diversity of citizenship.

## II. PRODUCT USE

9. The Injured Party used Zantac and/or generic ranitidine: [*Check all that apply*]

  [ ] By prescription

  [X] Over the counter

10. The Injured Party used Zantac and/or generic ranitidine from approximately (month, year) *01/1980* to *01/2018*.

## III. PHYSICAL INJURY

11. As a result of the Injured Party's use of the medications specified above, [*he/she*] was diagnosed with the following specific type of cancer (check all that apply):

| Check all that apply | Cancer Type | Approximate Date of Diagnosis |
|---|---|---|
| [X] | BLADDER CANCER | 01/01/2017 |
| [ ] | BREAST CANCER | |
| [ ] | COLORECTAL/INTESTINAL CANCER | |

| []  | ESOPHAGEAL CANCER        |  |
| --- | ------------------------ | -- |
| []  | GASTRIC CANCER           |  |
| []  | KIDNEY CANCER            |  |
| []  | LIVER CANCER             |  |
| []  | LUNG CANCER              |  |
| []  | PANCREATIC CANCER        |  |
| []  | PROSTATE CANCER          |  |
| []  | OTHER CANCER: _____ |  |
| []  | DEATH (CAUSED BY CANCER) |  |

12. Defendants, by their actions or inactions, proximately caused the injuries to Plaintiff(s).

## IV.   CAUSES OF ACTION ASSERTED

13. The following Causes of Action asserted in the Amended Master Personal Injury Complaint are asserted against the specified defendants in each class of Defendants enumerated therein, and the allegations with regard thereto are adopted in this Short Form Complaint by reference.

14. By checking the appropriate causes of action below, Plaintiff(s) assert these causes of action based upon the law and applicable Sub-Counts of the following state(s):[1]

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
| --- | --- | --- | --- |
| [X] | I | Strict Products Liability – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| [X] | II | Negligence – Failure to Warn through Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, and WA |
| [X] | III | Strict Products Liability – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |

---

[1] In selecting the relevant states above, Plaintiffs reserve all rights to argue choice of law issues at a later time.

| Check all that apply | Count | Cause of Action | States for which the cause of action was asserted in the AMPIC |
|---|---|---|---|
| [X] | IV | Negligence – Failure to Warn through Proper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** LA, NJ, OH, OK, and WA |
| [X] | V | Negligence - Failure to Warn Consumers through the FDA (Against Brand-Name and Generic Manufacturer Defendants) | CA, DE, DC, HI, IN, KY, LA, MD, MA, MN, MO, NV, NY, OR, and PA |
| [X] | VI | Strict Products Liability – Design Defect Due to Warnings and Precautions (Against Brand-Name Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| [X] | VII | Strict Products Liability – Design Defect Due to Improper Expiration Dates (Against Brand-Name and Generic Manufacturer Defendants) | All States and Territories, **Except** DE, IA, MA, NC, PA, and VA |
| [X] | VIII | Negligent Failure to Test (Against Brand-Name and Generic Manufacturer Defendants) | KS, TX |
| [X] | IX | Negligent Product Containers: (Against Brand-Name and Generic Manufacturers of pills) | All States and Territories |
| [X] | X | Negligent Storage and Transportation Outside the Labeled Range (Against All Retailer and Distributor Defendants) | All States and Territories |
| [X] | XI | Negligent Storage and Transportation Outside the Labeled Range (Against All Brand-Name and Generic Manufacturer Defendants) | All States and Territories |
| [] | XII | Negligent Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in California) | CA only |
| [] | XIII | Reckless Misrepresentation (Against Brand-Name Manufacturers by Generic Consumers in Massachusetts) | MA only |
| [X] | XIV | Unjust Enrichment (Against All Defendants) | All States and Territories |
| [X] | XV | Loss of Consortium (Against All Defendants) | All States and Territories |
| [X] | XVI | Wrongful Death (Against All Defendants) | All States and Territories |

If Count XV or Count XVI is alleged, additional facts supporting the claim(s):
_____

- 5 -

15. In addition to the claims listed above, Plaintiff(s) assert claims of Negligent Misrepresentation and Reckless Misrepresentation against Brand-Name Manufacturers. In support of these claims, and Counts XII and XIII identified above, Plaintiff(s) allege the allegations in the AMPIC in support of Counts XII and XIII as well as the following additional jurisdictional facts: Brand Defendants sold, advertised, and marketed Zantac in Plaintiff(s)' home state.

16. In addition to the counts above, Plaintiff(s) hereby allege(s) all of the counts alleged in the Second Amended Master Personal Injury Complaint (SAMPIC), D.E. 3887, that are alleged against the above-listed Defendants. These additional counts are incorporated by reference as if fully stated herein.

## V.  JURY DEMAND

17. Plaintiff(s) hereby demand(s) a trial by jury as to all claims in this action.

## VI.  PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff(s) has/have been damaged as a result of Defendants' actions or inactions and demand(s) judgment against Defendants on each of the above-referenced causes of action, jointly and severally to the full extent available in law or equity, as requested in the Amended Master Personal Injury Complaint.

Dated: February 13, 2023  */s/ Ashley Keller*
Ashley Keller
KELLER POSTMAN LLC
150 N. Riverside Plaza
Suite 4100
Chicago, IL 60606
Tel: (312) 741-5222
ack@kellerpostman.com

*Counsel for Plaintiff(s)*

- 7 -